UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| T.B., a minor child, by and through his natural parents and default guardians, MICHAEL BRODIGAN and ROBYN BRODIGAN, MICHAEL BRODIGAN on his own behalf, and ROBYN BRODIGAN on her own behalf, and the marital community of MICHAEL BRODIGAN and ROBYN BRODIGAN,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, a District of Columbia corporation,<br><br>Defendant. | Case No.<br><br>**DECLARATION OF ANDREW G. YATES** |

I, Andrew G. Yates, declare the following to be true:

1. I am one of the attorneys for defendant National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak") in the captioned matter. I am of legal age, am competent to testify and make this declaration from my own personal knowledge.

2. Attached to this declaration as **Exhibit A** are true and correct copies of the docket and all currently available filings in King County Superior Court Cause No. 18-2-00558-2 KNT (the "State Court Action"). As reflected in these records, Plaintiff filed the State Court Action on or about January 3, 2018.



**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

3. The Plaintiffs' Complaint alleges that minor Plaintiff T.B. and his parents are residents of Washington. In an effort to confirm that the Brodigan family not only maintained a residence in Washington but were also domiciled in this state, I reviewed certain real property and other publicly available records. This review demonstrated that the Brodigan family has lived at the same location in Burien, Washington since 1992 or 1993. Voter registration and driver's license records also indicate that the Brodigans not only reside in Washington, but are domiciled here. The documentary and online information regarding the Brodigan family is not being filed at this time, but can be made available for review by the Court in the event that the Brodigans dispute they are domiciled in Washington.

4. Plaintiffs served the summons and complaint in the State Court Action on Amtrak on or about January 9, 2018.

5. If any additional pleadings or papers are filed in the King County Superior Court file with respect to this action, they will be filed in this court pursuant to LCR 101(b).

I declare under penalty of perjury under the laws of the United States of America and the State of Washington that the foregoing is true and correct.

DATED this 17th day of January 2018 in Seattle, Washington.

*/s/ Andrew G. Yates*

Andrew G. Yates



**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

## CERTIFICATE OF SERVICE

I, hereby certify under penalty of perjury of the laws of the State of Washington that on the 17th day of January 2018, I caused to be served a copy of the attached document to the following person(s) in the manner indicated below at the following address(es):

Raymond E.S. Bishop
Derek K. Moore
Ben R. Ferguson
Bishop Legal
19743 First Avenue S.
Normandy Park, WA 98148-2401
ray@bishoplegal.com
derek@bishoplegal.com
ben@bishoplegal.com

- ☑ by CM/ECF
- ☐ by Electronic Mail
- ☐ by Facsimile Transmission
- ☐ by First Class Mail
- ☑ by Hand Delivery
- ☐ by Overnight Delivery

DATED this 17th day of January 2018.

Sabrina Mitchell



LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

# EXHIBIT A

FILED
18 JAN 05 PM 12:14

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-00558-2 KNT

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| T[redacted]B[redacted], a minor child, by and through his natural parents and default guardians, MICHAEL BRODIGAN and ROBYN BRODIGAN, MICHAEL BRODIGAN on his own behalf, and ROBYN BRODIGAN on her own behalf, and the marital community of MICHAEL BRODIGAN and ROBYN BRODIGAN;<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, a District of Columbia Corporation,<br><br>Defendant. | Case No.<br><br>PLAINTIFFS' COMPLAINT |

Plaintiffs, and each of them, for their causes of action against Defendant, allege as follows:

PARTIES, JURISDICTION AND VENUE

1.1 At all times material hereto, plaintiff T[redacted] B[redacted] is a resident of King County, Washington.

1.2 Plaintiff T[redacted] B[redacted] was born in 2001 and was sixteen years of age at the time of the train wreck that is the subject of this lawsuit.



bishoplegal
19743 First Avenue South
Normandy Park, WA 98148-2401
Tel: (206) 592-9000
Fax: (206) 592-9001

1.3 MICHAEL BRODIGAN and ROBYN BRODIGAN are the natural parents and default guardian of plaintiff T[redacted] B[redacted], and bring his claims on his behalf.

1.4 At all times material hereto, plaintiff MICHAEL BRODIGAN is a resident of King County, Washington.

1.5 At all times material hereto, plaintiff ROBYN BRODIGAN is a resident of King County, Washington.

1.6 At all times material hereto, plaintiff MICHAEL BRODIGAN and plaintiff ROBYN BRODIGAN are married to each other.

1.7 At all times material hereto, defendant NATIONAL RAILROAD PASSENGER CORPORATION (hereinafter "AMTRAK") is a railroad corporation incorporated in the District of Columbia doing business as Amtrak.

1.8 At all times material hereto, defendant AMTRAK has offices for the transaction of business, and transacts business in King County, Washington.

1.9 One or more of the tortious acts and omissions alleged herein, including but not limited to the poor safety practices, systems failures, and deceptive acts described below, occurred in whole or in part in King County, Washington.

1.10 As Defendant does business in King County, Washington, and as one or more of the acts and omissions alleged herein occurred in King County, Washington, therefore jurisdiction and venue are proper in King County, Washington.

## FACTS OF THE SUBJECT TRAIN WRECK

2.1 Plaintiffs re-allege each and every allegation contained in the preceding paragraphs.

2.2 On December 18, 2017, at approximately 7:33 a.m., Pacific Standard Time, southbound Amtrak passenger train 501, in which plaintiff T[redacted] B[redacted] was a passenger,



bishoplegal
19743 First Avenue South
Normandy Park, WA 98148-2401
Tel: (206) 592-9000
Fax: (206) 592-9001

consisting of a leading and trailing locomotive, a power car, 10 passenger railcars and a luggage car, traveling at 78 mph derailed from a dangerous curve approaching a highway overpass near DuPont, Pierce County, Washington. The lead locomotive, the power car, and two passenger railcars derailed onto Interstate 5. The subject train was part of the Amtrak Cascades passenger train service.

2.3 When the train derailed, it was on its first regular passenger service trip on a single main track (Lakewood subdivision) at milepost (MP) 19.86.

2.4 The track where the train derailed was part of the new Point Defiance Bypass project, in which the Amtrak Cascades passenger train service had been re-routed from its previous route that went through Point Defiance in Tacoma and along the Puget Sound shoreline to a new inland route. The WASHINGTON STATE DEPARTMENT OF TRANSPORTATION (hereinafter "WSDOT") claimed that the project, with a $180.7 million budget, would provide benefits including "Improved Amtrak Cascades reliability" and "Faster, more frequent Amtrak Cascades service." WSDOT advertised:

> "The end result is more frequent, more reliable, and faster Amtrak Cascades service. When completed, the Point Defiance Rail Bypass project will bring a total of six daily round trip Amtrak Cascades trains and one Coast Starlight train through Tacoma, Lakewood, and DuPont intersections, with an average crossing time of 45 seconds per intersection and a maximum speed of 79 mph. Use of the bypass will add two additional daily roundtrips between Seattle and Portland for a total of six."

http://www.wsdot.wa.gov/Projects/Rail/PNWRC_PtDefiance/default.htm

2.5 The authorized track speed north of the derailment site is 79 mph and decreases to 30 mph at MP 19.8, prior to a curve. A 30-mph speed limit sign was posted two miles before the curve on the engineer's side of the track, to remind the operating crews of the upcoming speed restriction. Another 30-mph speed sign was on the wayside at the



bishoplegal
19743 First Avenue South
Normandy Park, WA 98148-2401
Tel: (206) 592-9000
Fax: (206) 592-9001

beginning of the curve on the engineer's side of the locomotive. These signs were static only, without flashing warning lights, and easy to miss.

2.6 Previous plans for the Point Defiance Bypass project called for the subject curve to be straightened to allow for faster and safer travel, but these plans were rejected to save money.

2.7 There were two crewmembers in the cab of the train. One was an engineer, and another was a "qualifying" conductor who was being familiarized with the territory. About 6 seconds prior to the derailment, the engineer made a comment regarding an over-speed condition. The engineer did not apply the locomotive's brakes until just before the derailment, when it was too late, and did not apply the emergency-braking mode.

2.8 Training of the engineers who were to operate the new Amtrak Cascades line was insufficient in quality and frequency, including having some crewmembers in training in the rear locomotive facing backward at night, resulting in engineers lacking familiarity with the route and the dangerous curve before it was open to the public.

2.9 Positive Train Control (PTC), an advanced train control system mandated by Congress in the *Rail Safety Improvement Act of 2008*, is designed to prevent train-to-train collisions, overspeed derailments, incursions into established work zone limits, and the movement of a train through a switch left in the wrong position. If a train does not slow for an upcoming speed restriction, PTC will alert the engineer to slow the train. If an appropriate action is not taken, PTC will apply the train brakes before it violates the speed restriction. In this accident, PTC would have notified the engineer of train 501 about the speed reduction for the curve; if the engineer did not take appropriate action to



bishoplegal
19743 First Avenue South
Normandy Park, WA 98148-2401
Tel: (206) 592-9000
Fax: (206) 592-9001

control the train's speed, PTC would have applied the train brakes to maintain compliance with the speed restriction and to stop the train.

2.10 There was a PTC system planned and / or installed, at least in part, on the subject line, but was not operational at the time of the wreck.

## FACTS RELATED TO OWNERSHIP, OPERATION, AND CONTROL OF THE AMTRAK CASCADES TRAIN SERVICE

3.1 Plaintiffs re-allege each and every allegation contained in the preceding paragraphs.

3.2 WSDOT owns the Amtrak Cascades train service in Washington State, which provides passenger train service from Vancouver, British Columbia to Eugene, Oregon.

3.3 WSDOT operates the Amtrak Cascades train service in Washington State, along with defendant AMTRAK.

3.4 WSDOT is the owner of the controlling locomotive, and 11 of the 12 passenger cars. WSDOT contracted with defendant AMTRAK to operate the train service. As part of that contract with WSDOT, defendant AMTRAK provided the train crews and locomotive maintenance. CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY (hereinafter "SOUND TRANSIT") is the owner of the Point Defiance Bypass tracks.

3.5 At all times material hereto, defendant AMTRAK, WSDOT, and SOUND TRANSIT were acting in concert with each other.

3.6 At all times material hereto, defendant AMTRAK, WSDOT, and SOUND TRANSIT were each consciously acting together in an unlawful and / or negligent manner with each other.

3.7 At all times material hereto, defendant AMTRAK owed its passengers, including plaintiff T[redacted] B[redacted], statutory and common law duties of a common carrier, which are the highest duties of care.



bishoplegal
19743 First Avenue South
Normandy Park, WA 98148-2401
Tel: (206) 592-9000
Fax: (206) 592-9001

PLAINTIFFS' CLAIMS AGAINST DEFENDANT

4.1 Plaintiffs re-allege each and every allegation contained in the preceding paragraphs.

4.2 Defendant, through its agents and / or employees, poorly planned, designed, constructed, and / or maintained the Point Defiance Bypass in a manner making it unsafe for use in passenger rail transit. This includes, but is not limited to, Defendant's decision to operate a high speed passenger rail service over a route that includes a 30 MPH curve, and Defendant's decision to run this service without PTC being operational.

4.3 Defendant failed to ensure that its agents and / or employees operating the train at the time of the derailment were properly qualified, supervised and / or trained for safe and legal operation of the subject train.

4.4 Defendant's employees and / or agents, the crew of the subject train, operated the train in excess of the authorized, posted, safe, and lawful speed limit, failed to keep a safe and proper lookout, and failed to slow down the train when they knew or should have known that the speed was too fast for the sharp and dangerous curve.

4.5 Defendant, through its agents and / or employees, failed to comply with its own safety plans, rules, standards, and procedures.

4.6 Defendant, through its agents and / or employees, violated common law duties of care to Plaintiffs, including common law duties of ordinary care and common law duties of a common carrier.

4.7 Defendant, through its agents and / or employees, violated statutory duties of care to Plaintiffs, and each of them, including but not limited to the following:

a. 49 C.F.R. § 217, governing railroad operation rules.

b. 49 C.F.R. § 218, governing railroad operation practices.



bishoplegal
19743 First Avenue South
Normandy Park, WA 98148-2401
Tel: (206) 592-9000
Fax: (206) 592-9001

c. 49 C.F.R. § 229, governing railroad locomotive safety standards.

d. 49 C.F.R. § 236, governing railroad rules, standards and instructions for installation, inspection, maintenance and repair of systems, devices and appliances.

e. RCW 81.28.010, requiring that common carriers "construct, furnish, maintain and provide, safe, adequate, and sufficient service facilities and equipment to enable it to promptly, expeditiously, safely, and properly receive, transport, and deliver all persons or property offered to or received by it for transportation, and to promote the safety, health, comfort, and convenience of its patrons, employees, and the public."

4.8 The safety culture of AMTRAK is poor and failing and has been so for years, with system failures causing numerous collisions and derailments resulting in fatalities and catastrophic injuries, including but not limited to the following:

a. On March 9, 2015, the Amtrak *Carolinian* collided with a truck on a grade crossing in Halifax, North Carolina and derailed. Fifty-five people were injured;

b. On May 12, 2015, the Amtrak *Northeast Regional* derailed in Philadelphia, Pennsylvania due to excessive speed on a curve. Eight people were killed, more than 200 were injured;

c. On October 5, 2015, the Amtrak *Vermonter* struck a landslide and derailed in Northfield, Vermont. Seven people were injured;

d. On March 14, 2016, the Amtrak *Southwest Chief* derailed in Cimarron, Kansas after the track had been damaged by an agricultural vehicle. Twenty-eight people were injured;



bishoplegal
19743 First Avenue South
Normandy Park, WA 98148-2401
Tel: (206) 592-9000
Fax: (206) 592-9001

e. On April 3, 2016, the Amtrak *Palmetto* struck a backhoe obstructing the line and derailed in Chester, Pennsylvania. Two track workers were killed, 41 people were injured;

f. On July 2, 2017, the Amtrak *Cascades* derailed in Steilacoom, Washington. Several passengers suffered minor injuries.

4.9 Defendant committed, caused and / or permitted acts and / or omissions that were willful, in violation of RCW 81.04.440. Such willful acts and omissions include, but are not limited to, the willful disregard of public safety in rejecting plans to straighten the curve to allow for faster and safer travel in order to save money, in choosing to operate the service before PTC was implemented, and in choosing to operate the service without ensuring the proper training and qualification of the locomotive operators.

4.10 Defendant failed to provide material information to Plaintiffs, thereby acting unfairly or deceptively in trade or commerce in violation of Washington's Consumer Protection Act, Chapter 19.86 RCW, including but not limited to asserting that its service was safe and reliable, failing to inform Plaintiffs that the crew was still in training and not yet properly trained or qualified, failing to inform Plaintiffs that the high speed rail service route included a dangerous low speed curve, and failing to inform Plaintiffs that proper safety measures including PTC were not yet operational.

4.11 Plaintiffs, and each of them, are not at fault for causing the subject train wreck or for causing their injuries and damages.

INJURIES AND DAMAGES SUSTAINED BY [redacted]

5.1 Plaintiffs re-allege each and every allegation contained in the preceding paragraphs;



bishoplegal
19743 First Avenue South
Normandy Park, WA 98148-2401
Tel: (206) 592-9000
Fax: (206) 592-9001

5.2 As a direct and proximate result of the negligence and / or statutory violations alleged herein, plaintiff T[redacted] B[redacted] suffered catastrophic, permanent and disabling personal injuries. His injuries include a crushed spine with fractures of the C5 vertebra, severe compression of the spinal cord, head lacerations, traumatic brain injury with bleeding in the brain, several broken ribs, and a punctured lung. Although medical attention and supportive remedies have been resorted to, said injuries, together with pain, discomfort and limitation of movement, prevail and will continue to prevail for an indefinite time into the future; that it is impossible at this time to fix the full nature, extent, severity and duration of said injuries, but they are alleged to be permanent, progressive and disabling in nature, possibly including permanent paralysis from his spinal injuries. Plaintiff T[redacted] B[redacted] has incurred and will likely continue to incur medical expenses and other expenses to be proved at the time of trial, all to his special and general damage, in an amount now unknown.

5.3 As a further direct and proximate result of the negligence and / or statutory violations of Defendant, plaintiff T[redacted] B[redacted] has suffered, and will in the future suffer, lost educational opportunities, lost wages and / or lost earnings capacity in amounts to be proven at trial.

5.4 As a further direct and proximate result of the negligence and / or statutory violations of Defendants, plaintiff T[redacted] B[redacted] has suffered, and will in the future continue to suffer, severe and extensive physical and mental pain and anguish, disability, disfigurement, and loss of the enjoyment of life, all to his general damage in amounts to be proven at trial.



bishoplegal
19743 First Avenue South
Normandy Park, WA 98148-2401
Tel: (206) 592-9000
Fax: (206) 592-9001

5.5 As a direct and proximate result of the negligence and / or statutory violations of Defendant, plaintiff T[redacted] B[redacted] has suffered other expenses, all to be proven at the time of trial.

5.6 Plaintiff T[redacted] B[redacted] is entitled to prejudgment interest on all medical, wage loss, and out-of-pocket expenses directly and proximately caused by the negligence and / or statutory violations alleged herein.

MICHAEL BRODIGAN'S CLAIMS FOR DAMAGES

6.1 Plaintiffs re-allege each and every allegation contained in the preceding paragraphs;

6.2 As a further direct and proximate result of the negligence and / or statutory violations of Defendant, MICHAEL BRODIGAN has suffered, and will in the future continue to suffer, economic damages including medical expenses, lost wages, and the costs of accommodations for his son's disabilities, to his damage in amount to be proven at trial.

6.3 As a further direct and proximate result of the negligence and / or statutory violations of Defendant, MICHAEL BRODIGAN has suffered, and will in the future continue to suffer, non-economic damages including mental trauma and emotional distress, the loss of his child's consortium and damage to and destruction of the parent child relationship. The loss of consortium is to his damage in an amount to be proven at trial.

ROBYN BRODIGAN'S CLAIMS FOR DAMAGES

7.1 Plaintiffs re-allege each and every allegation contained in the preceding paragraphs;

7.2 As a further direct and proximate result of the negligence and / or statutory violations of Defendant, ROBYN BRODIGAN has suffered, and will in the future continue to suffer, economic damages including medical expenses, lost wages, and the costs of accommodations for her son's disabilities, to her damage in amount to be proven at trial.



bishoplegal
19743 First Avenue South
Normandy Park, WA 98148-2401
Tel: (206) 592-9000
Fax: (206) 592-9001

7.3 As a further direct and proximate result of the negligence and / or statutory violations of Defendant, ROBYN BRODIGAN has suffered, and will in the future continue to suffer, non-economic damages including mental trauma and emotional distress, the loss of her child's consortium and damage to and destruction of the parent child relationship. The loss of consortium is to her damage in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant in amounts that will fairly compensate them for all damages sustained, costs and reasonable attorneys' fees under applicable law including RCW 81.04.440 and Washington's Consumer Protection Act, treble damages under Washington's Consumer Protection Act, punitive damages that may be available under applicable law and choice of law provisions, interest calculated at the maximum amount allowable by law, injunctive relief to protect the public, and all other relief the court deems fair and just.

DATED this 5th day of January, 2018.

BISHOP LEGAL
Raymond E. S. Bishop
WSBA No. 22794
ray@bishoplegal.com
Attorneys for Plaintiffs

BISHOP LEGAL
Derek K. Moore
WSBA No. 37921
derek@bishoplegal.com
Attorneys for Plaintiffs

BISHOP LEGAL
Ben R. Ferguson
ben@bishoplegal.com
WSBA No. 51272
Attorneys for Plaintiffs



bishoplegal
19743 First Avenue South
Normandy Park, WA 98148-2401
Tel: (206) 592-9000
Fax: (206) 592-9001

FILED
18 JAN 05 PM 12:14

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-00558-2 KNT

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF KING**

| | |
|---|---|
| [redacted] [redacted]<br>Plaintiff(s),<br>vs.<br>National Railroad Passenger Corp. dba Amtrak<br>Respondent(s) | NO. 18-2-00558-2 KNT<br>ORDER SETTING CIVIL CASE SCHEDULE<br><br>ASSIGNED JUDGE: Bender, Johanna, Dept. 28<br><br>FILED DATE: 1/5/2018<br>TRIAL DATE: 1/7/2019<br>SCOMIS CODE: *ORSCS |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition.*** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**"I understand that I am required to give a copy of these documents to all parties in this case."**

PRINT NAME SIGN NAME

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 1/5/2018 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR2.1(a) and Notices on page 2]. **$220 Arbitration fee must be paid** | 6/15/2018 |
| √ | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on page 2] | 6/15/2018 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)] | 6/29/2018 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(k)] | 8/6/2018 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [KCLCR 26(k)] | 9/17/2018 |
| | **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)] | 10/1/2018 |
| | **DEADLINE** for Change in Trial Date [See KCLCR 40(e)(2)] | 10/1/2018 |
| | **DEADLINE** for Discovery Cutoff [See KCLCR 37(g)] | 11/19/2018 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR16(b)] | 12/10/2018 |
| | **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)] | 12/17/2018 |
| √ | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 12/17/2018 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56;CR56] | 12/24/2018 |
| √ | Joint Statement of Evidence [See KCLCR 4(k)] | 12/31/2018 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusion of Law with the Clerk) | 12/31/2018 |
| | Trial Date [See KCLCR 40] | 1/7/2019 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED: 1/5/2018

PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial**
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the

Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court.** Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**

Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

PRESIDING JUDGE

FILED
18 JAN 05 PM 12:14

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-00558-2 KNT

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| T[redacted] B[redacted]<br><br>VS<br><br>National Railroad Passenger Corp. dba | NO. 18-2-00558-2 KNT<br><br>CASE INFORMATION COVER SHEET AND AREA DESIGNATION |

CAUSE OF ACTION

**(PIN) -** PERSONAL INJURY (PIN 2)

AREA DESIGNATION

**KENT -** Defined as all King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

FILED
18 JAN 05 PM 12:14

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-00558-2 KNT

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| T[redacted]B[redacted], a minor child, by and through his natural parents and default guardians, MICHAEL BRODIGAN and ROBYN BRODIGAN, MICHAEL BRODIGAN on his own behalf, and ROBYN BRODIGAN on her own behalf, and the marital community of MICHAEL BRODIGAN and ROBYN BRODIGAN;<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, a District of Columbia Corporation,<br><br>Defendant. | Case No.<br><br>SUMMONS<br><br>(20 Days) |

TO THE DEFENDANT: NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK

A lawsuit has been started against you in the above-entitled court by the above-named plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against the lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the undersigned attorney for the plaintiff **within 20 days** after the service of the summons, excluding the day of service, or a default judgment



bishoplegal
19743 First Avenue South
Normandy Park, WA 98148-2401
Tel: (206) 592-9000
Fax: (206) 592-9001

may be entered against you without notice. A default judgment is one where the plaintiff is entitled to what is asked for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file the lawsuit with the court. If you do so, the demand must be in writing and must be served upon the undersigned attorney. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time. This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this 5th day of January, 2018.

BISHOP LEGAL

[signature]

Derek K. Moore
WSBA No. 37921
Attorneys for Plaintiff



bishoplegal
19743 First Avenue South
Normandy Park, WA 98148-2401
Tel: (206) 592-9000
Fax: (206) 592-9001

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| T[redacted] B[redacted], a minor child, by and through his natural parents and default guardians, MICHAEL BRODIGAN and ROBYN BRODIGAN; MICHAEL BRODIGAN on his own behalf; ROBYN BRODIGAN on her own behalf; and the marital community of MICHAEL BRODIGAN and ROBYN BRODIGAN, Plaintiff, v. NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, a District of Columbia corporation, Defendant. | No. 18-2-00558-2 KNT **NOTICE OF APPEARANCE ON BEHALF OF DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK** |

**TO:** **T[redacted] B[redacted] a minor child, by and through his natural parents and default guardians, MICHAEL BRODIGAN and ROBYN BRODIGAN; MICHAEL BRODIGAN on his own behalf; ROBYN BRODIGAN on her own behalf; and the marital community of MICHAEL BRODIGAN and ROBYN BRODIGAN,, Plaintiffs;**

**AND TO:** **Raymond E.S. Bishop, Derek K. Moore, Ben R. Ferguson, and Bishop Legal, Attorneys for Plaintiffs:**

**AND TO:** **THE CLERK OF THE ABOVE-ENTITLED COURT**

PLEASE TAKE NOTICE that Defendant National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak") hereby enters its appearance in the above-entitled action by its attorneys Tim D. Wackerbarth, Andrew G. Yates, Warren E. Babb, Jr., Rachel B. Greenlee and the law office of Lane Powell, PC without waiving objections as to improper service, or



LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

jurisdiction, and respectfully requests that all papers and pleadings in said cause, other than process, be served upon the undersigned attorneys at their office below stated.

DATED this 9th day of January 2018.

LANE POWELL PC

By
Tim D. Wackerbarth, WSBA No. 13673
wackerbartht@lanepowell.com
Andrew G. Yates, WSBA No. 34239
yatesa@lanepowell.com
Warren E. Babb, Jr., WSBA No. 13410
babbw@lanepowell.com
Rachel B. Greenlee, WSBA No. 49873
greenleer@lanepowell.com

Attorneys for Defendant National Railroad Passenger Corporation d/b/a Amtrak



LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

## CERTIFICATE OF SERVICE

I, hereby certify under penalty of perjury of the laws of the State of Washington that on the 9th day of January 2018, I caused to be served a copy of the attached document to the following person(s) in the manner indicated below at the following address(es):

Raymond E.S. Bishop
Derek K. Moore
Ben R. Ferguson
Bishop Legal
19743 First Avenue S.
Normandy Park, WA 98148-2401
ray@bishoplegal.com
derek@bishoplegal.com
ben@bishoplegal.com

- ☑ by CM/ECF
- ☐ by Electronic Mail
- ☐ by Facsimile Transmission
- ☑ by First Class Mail
- ☐ by Hand Delivery
- ☐ by Overnight Delivery

DATED this 9th day of January 2018.

Sabrina Mitchell
Sabrina Mitchell



LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107